

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| ROBIN L. MECEY, | ) | No. ED110701 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Appeal from the Labor and Industrial |
| HARPS FOOD STORES, INC. | ) | Relations Commission |
| | ) | Appeal No. 2195188 |
| and | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondents. | ) | Filed: February 14, 2023 |

### Introduction

Robin Mecey (Appellant) appeals her disqualification from receipt of unemployment benefits. We dismiss the appeal because Appellant's brief fails to comply with Rule 84.04.[1]

### Factual and Procedural Background

Appellant began working for Harps Food Stores, Inc. (Employer) as a bakery/deli manager on May 7, 2020. On May 21, 2021, Appellant gave Employer two weeks' notice that she would be leaving her employment. Appellant's last day of work was June 3, 2021.

---

[1] All rule references are to the Missouri Supreme Court Rules (2022) unless otherwise indicated.

Shortly after leaving her employment, Appellant filed a claim for unemployment benefits with the Division of Employment Security pursuant to Section 288.040.[2] Employer protested Appellant's claim because she quit for personal reasons as a "voluntary decision made by her [and] at no fault of the company."

On August 16, 2021, a Deputy with the Division determined Appellant was disqualified from receiving unemployment benefits because she "left work with the above employer voluntarily without good cause attributable to the work or employer."[3]

Appellant appealed the Deputy's determination to the Appeals Tribunal, which conducted a telephone hearing on September 15, 2021. At the hearing, Appellant conceded she "voluntarily quit" and did not provide Employer a reason for quitting in her resignation notice. The Appeals Tribunal affirmed the Deputy's determination that Appellant left work voluntarily without good cause attributable to the work or employer and was therefore disqualified from receiving benefits.

Appellant then appealed to the Labor and Industrial Relations Commission. On May 18, 2022, the Commission affirmed and adopted the decision of the Appeals Tribunal.

Appellant, acting *pro se*, now appeals to this Court.

## Discussion

Appellant purports to raise ten points on appeal. We are unable to decipher Appellant's points due to serious briefing deficiencies in violation of Rule 84.04.

Rule 84.04 sets forth the requirements for appellate briefing. *T.G. v. D.W.H.*, 648 S.W.3d 42, 46 (Mo. App. E.D. 2022). Compliance with Rule 84.04 is mandatory. *Id.* All appellants, including those acting *pro se*, must adhere to the rules of appellate procedure for this Court to

---

[2] All statutory references are to the Revised Statutes of Missouri (Cum. Supp. 2021) unless otherwise indicated.
[3] *See* Mo. Rev. Stat. § 288.050.1.

2

review the appeal. *Id.*; *Indelicato v. McBride & Son Mgmt. Co., LLC*, 646 S.W.3d 305, 307 (Mo. App. E.D. 2022). This is not for hyper-technical reasons or to arbitrarily burden the parties; there are good reasons for mandatory compliance with Rule 84.04. *See Murphree v. Lakeshore Ests., LLC*, 636 S.W.3d 622, 624 (Mo. App. E.D. 2021). First, briefing in compliance with Rule 84.04 adequately informs opposing parties and this Court of the precise matters in contention and the issues for review.[4] *T.G.*, 648 S.W.3d at 46. Second, this Court can conduct a meaningful review of the issues before it and opposing positions are adequately represented, as essential to our adversarial system. *Id.* Finally, this Court retains its role as a neutral arbiter and avoids becoming an advocate for the appellant. *Id.* Accordingly, "[f]ailure to comply with the mandates of Rule 84.04 results in unpreserved allegations of error and constitutes grounds for dismissal of the appeal." *Id.*; *see also* Rule 84.13(a).

The deficiencies in Appellant's brief are manifold. First, Appellant's brief violates Rule 84.04(a)(5). Appellant's points 4, 5, 7, 8, 9 and 10 fail to include "an argument, which shall substantially follow the order of the points relied on." Rule 84.04(a)(5). Point 6 only debatably contains an argument section. The purpose of the argument section is to "explain why, in the context of the case, the law supports the claim of reversible error by showing how the principles of law and the facts of the case interact." *Indelicato*, 646 S.W.3d at 307. These violations alone render the points "abandoned and preserve nothing for appellate review." *State v. Minor*, 648 S.W.3d 721, 728 n.2 (Mo. banc 2022); *see also* Rule 84.13(a).

Second, all ten of Appellant's points relied on violate Rule 84.04(d)(2). "Rule 84.04(d) is particularly important, as points relied on are vital to an appellant's brief." *Surgery Ctr. Partners, LLC v. Mondelez Int'l, Inc.*, 647 S.W.3d 38, 42 (Mo. App. E.D. 2022). The points neither "[s]tate

---

[4] Notably, Respondent Division of Employment Security aptly stated in its brief that "the deficiencies in Appellant's brief make it difficult to understand the nature of her claim," and requested dismissal of the appeal on that basis.

concisely the legal reasons for the appellant's claim of reversible error," nor "[e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(2)(B)-(C). "Given that a template is specifically provided for in Rule 84.04(d)[], appellants simply have no excuse for failing to submit adequate points relied on." *Young v. Mo. Dep't of Soc. Servs.*, 647 S.W.3d 73, 77 (Mo. App. E.D. 2022).

Third, points relied on 4, 5, 7, 8, 9, and 10 violate Rule 84.04(d)(4), which requires that any reference to the record in a point relied on "shall be limited to the ultimate facts necessary to inform the appellate court and the other parties of the issues" and prohibits the inclusion of "[d]etailed evidentiary facts." Each point relied on, to some degree, contains references to the record well beyond the ultimate facts and includes detailed evidentiary facts. *See, e.g.*, *Daniel v. Indiana Mills & Mfg., Inc.*, 103 S.W.3d 302, 312 (Mo. App. S.D. 2003).

Fourth, points relied on 1, 2, 3, 6, 8, 9, and 10 violate Rule 84.04(d)(5) in a number of ways. Points relied on 1, 2, 3, and 6 are not followed by "a list of cases . . . and the constitutional, statutory, and regulatory provisions or other authority upon which [Appellant] principally relies." Rule 84.04(d)(5). Though points 1 and 3 list at least one case each, the argument section following each point principally relies on other cases that are not listed in the corresponding point relied on. Similarly, Appellant's points relied on 8 and 9 list statutory and regulatory authority upon which Appellant principally relies, but those lists do not include Section 288.190, which is prominently cited in the body of those points relied on. Point 10 omits any list of cases, statutory or regulatory provisions, or any other authority. *See, e.g.*, *T.G.*, 648 S.W.3d at 49; *see also, e.g.*, *Indelicato*, 646 S.W.3d at 307.

Finally, though points 1, 2, 3, and 6 may be perceived as including argument sections, they nonetheless are deficient under Rule 84.04(e) because they do not state whether or how the issues

4

were preserved for our review, or the applicable standards of review. This information is "essential to this Court's review of the case." *Surgery Ctr. Partners*, 647 S.W.3d at 44 (quoting *Murphree*, 636 S.W.3d at 625). Further, the argument sections include "[l]ong quotations from cases and long lists of citations" and their factual assertions are unsupported by specific page references to the record on appeal, all in violation of Rule 84.04(e). *See*, *e.g.*, *T.G.*, 648 S.W.3d at 47.

"Though we prefer to dispose of a case on the merits whenever possible, if deficiencies in the brief are such that no claims are preserved for appellate review, then we must dismiss the appeal." *Id.* at 50. The deficiencies in Appellant's brief are such that no claims are preserved for appellate review. We must therefore dismiss the appeal.[5]

## Conclusion

The appeal is dismissed.

Cristian M. Stevens, J.

Gary M. Gaertner, Jr., P.J., and
John P. Torbitzky, J., concur.

---

[5] Appellant filed motions objecting to discrete portions of the transcript on appeal and to strike statements in Respondent's brief, which we took with the case. We deny the motions as moot.